JOHN V. CARR & SON, INC., ET AL. *v.* UNITED STATES

No. 7676.—Pro forma invoices dated Windsor, Canada, May 19, 1947, etc.
　　　　　　Entered at Detroit, Mich., May 20, 1947, etc.; Sault Ste. Marie, Mich., July 24, 1947, etc.; Port Huron, Mich., September 15, 1947, etc.
　　　　　　Entry Nos. 10784, etc.; P 97, etc.; A 1222, etc.

(Decided March 1, 1949)

*John C. Ray* for the plaintiffs.
*David N. Edelstein,* Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement listed in schedule "A", hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED subject to the approval of the Court, that the issues in the appeals for reappraisement as listed in the attached schedule, are the same in all material respects as the issues decided in C. J. Tower & Sons vs. United States, R. D. 7624, and that the record in said case may be incorporated herein.

IT IS FURTHER STIPULATED AND AGREED that the appraised values of the merchandise involved in each of the cases enumerated in the attached schedule, less the additions made by the importer on entry because of advances

by the appraiser in similar cases, is equal to the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities in the ordinary course of trade, for exportation to the United States, and that the foreign value of such or similar merchandise is no higher.

IT IS FURTHER STIPULATED AND AGREED that these cases may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.